IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maray Burton, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 6388 |
| Frederick J. Hanna & Associates, P.C., a Georgia professional corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Maray Burton, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Maray Burton ("Burton"), is a citizen of the State of North Carolina, from whom Defendant attempted to collect a delinquent consumer debt owed for a Bank of America credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. From its offices in Georgia, Defendant Hanna operates a nationwide collection law firm that sends collection letters to virtually every State, including to thousands of consumers in the State of Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Burton is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a bill for a Bank of America credit card. When Defendant Hanna began trying to collect this debt from Ms. Burton, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Hanna's collection actions.

7. Accordingly, on July 14, 2010, Ms. Burton's attorney at LASPD informed Defendant Hanna, in writing, that Ms. Burton was represented by counsel, and directed Hanna to cease contacting her, and to cease all further collection attempts because Ms. Burton was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit A.

8. Nonetheless, Defendant Hanna sent Ms. Burton a collection letter, dated August 6, 2010, and its debt collectors continued to call Ms. Burton, including, but not limited to telephone calls on August 12, 2010, from telephone number 866-811-1159,

ext. 4812, to demand payment of the Bank of America debt.  A copy of this collection letter is attached as Exhibit B.

9. Accordingly, on August 23, 2010, Ms. Burton's attorneys had to send Defendant Hanna another letter, directing it to cease communications and to cease its collection attempts.  Copies of this letter and fax confirmation are attached as Exhibit C.

10. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Hanna's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Burton's agents/attorneys told Defendant Hanna to cease communications and to cease collections (Exhibit A).  By continuing to communicate regarding this debt and demanding payment, Defendant Hanna violated § 1692c(c) of the FDCPA.

15. Defendant Hanna's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Hanna knew that Ms. Burton was represented by counsel in connection with her debts because her attorneys had informed Defendant, in writing (Exhibit A), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. By directly writing and calling Ms. Burton, despite being advised that she was represented by counsel, Defendant Hanna violated § 1692c(a)(2) of the FDCPA.

19. Defendant Hanna's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Maray Burton, prays that this Court:

1. Find that Defendant Hanna's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Burton, and against Defendant Hanna, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maray Burton, demands trial by jury.

                                      Maray Burton,

                                      By: /s/ David J. Philipps
                                      One of Plaintiff's Attorneys

Dated: October 6, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com